In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of Right of Way for Legislative Route 56677-000 etc. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued March 3, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Walter F. Cameron, Jr.*, Assistant Counsel, with him *Ward T. Williams*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

*John N. Scales, Scales, DeRose and Murray*, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 29, 1983:

The Pennsylvania Department of Transportation (DOT) appeals a Westmoreland County Common Pleas Court order denying its preliminary objections to a petition for the appointment of viewers in a condemnation case. We affirm.

A portion of Joseph Simon's land was condemned under the Pennsylvania Eminent Domain Code[1] on September 29, 1976; estimated just compensation was paid on March 11, 1977. On February 1, 1982, Simon petitioned the common pleas court for the appointment of viewers. DOT filed preliminary objections, contending that the petition was barred by the statute of limitations.

Section 524 of the Eminent Domain Code[2] (in effect at the time of the taking) set a six-year limitation on petitions for appointment of viewers, the period commencing *when the condemnor paid estimated just compensation*:

Limitation Period. — A petition for the appointment of viewers for the assessment of damages for a condemnation or compensable injury may not be filed after the expiration of *six years from the date on which the condemnor made payment in accordance with section 407(a) or (b) of [the Eminent Domain Code] where the property or any part thereof has been taken,* or from the date of injury where the property has been injured but no part thereof has been taken. If such petition is not filed before the expiration of such period, such payment shall be

---

[1] Act of June 22, 1964, Special Sess. P.L. 84, *as amended,* 26 P.S. §1-101.

[2] 26 P.S. §1-524, repealed by Section 2(a) of the Act of April 28, 1978, P.L. 202. A similar provision now appears in Section 5527(4) of the Judicial Code, 42 Pa. C. S. §5527(4).

considered to be in full satisfaction of the damages. (Emphasis added.)

Section 524, however, was repealed in 1978, and was replaced by Section 5527(4) of the Judicial Code[3] which provides, in part, that:

The following actions and proceedings must be commenced within six years:

. . . .

(4) A Proceeding in inverse condemnation, if property has been injured but no part thereof has been taken, or *if the condemnor has made payment in accordance with section 407(a) or (b) (relating to possession and payment of compensation) of ... the "Eminent Domain Code."* (Emphasis added.)

DOT, arguing that Section 5527(4) of the Judicial Code is limited to proceedings in *inverse condemnation*, contends that the correct period of limitations in *actual condemnation* proceedings is found in *Section 5527(6)*[4] of the Judicial Code, which provides a six-year period of limitations in:

(6) Any civil action or proceeding which *is* neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation).

Although subsections (4) and (6) of Section 5527 both provide for six-year limitation periods, DOT argues that, under subsection (6), the period begins to run *from the time of the taking*, but not from the payment of estimated just compensation. Thus, DOT continues, under the Judicial Code the applicable statute of limitations has been *reduced.*[5] DOT contends that,

---

[3] 42 Pa. C. S. §5527(4).

[4] 42 Pa. C. S. §5527(6).

[5] DOT contends that, under the repealed Section 524, a period *in excess of six years from the date of taking* was available in which

consequently, the operation of Section 25(a) of the Act of July 9, 1976, P.L. 586, is triggered:

Effect of Judicial Code on Periods of Limitation

(a) Any civil action or proceeding:

(1) the time heretofore limited by statute for the commencement of which is *reduced by any provision of [the Judicial Code]* ... may be commenced within one year after the effective date of this act [i.e., June 27, 1978], or within the period heretofore limited by statute, *whichever is less....* (Emphasis added.)

Applying its thesis to the facts, DOT argues that Simon had *only until June 27, 1979* (one year after the effective date of the Judicial Code) to petition for viewers since this is *less* time than allowed under the repealed Section 524, which would have given Simon until *March 11, 1983,* to file a petition. Since the argument concludes, Simon did not petition for viewers until February 1, 1982, his action is barred.

We reject DOT's argument. Section 5527(4) applies to inverse condemnations as well as *actual* takings. Subsection (4), by the language "if the condemnor has made payment in accordance with section 407(a) or (b) ... of ... the 'Eminent Domain Code,' " specifically refers to the payment of estimated just compensation in relation to possession of the property by the condemnor. Although not couched in precisely the same terminology as was the repealed Section 524, Section 5527(4) of the Judicial Code was intended to, and did,

---

to petition for the appointment of viewers, to wit, the time interval from the taking until the payment of estimated just compensation *plus* six years. DOT further contends that, under Section 5527(6) of the Judicial Code, the limitation is *not* conditioned upon a payment by the condemnor; rather, the period begins to run *from the time of the taking itself.* Consequently, according to DOT, the Judicial Code has *reduced* the subject statute of limitations.

584

replace that repealed provision. Accordingly, Simon had six years *from the payment of estimated just compensation* in which to petition the common pleas court for the appointment of viewers. Since Simon filed his petition well within the allotted time, DOT's preliminary objections must be denied.

Affirmed.

ORDER

The Westmoreland County Common Pleas Court order, No. 762 of 1982, dated April 23, 1982, is hereby affirmed.