Jackie N. WYLAND and Beverly A.
Wyland, husband and wife,

v.

COMMONWEALTH of Pennsylvania,
DEPARTMENT OF TRANS-
PORTATION, Appellant.

Commonwealth Court of Pennsylvania.

Argued May 8, 2002.
Filed June 4, 2002.

Jeffrey L. Giltenboth, Pittsburgh, for
appellant.

Joseph A. Klein, Harrisburg, for appel-
lees.

Before FRIEDMAN, J., COHN, J., and
FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

The Commonwealth of Pennsylvania
(Commonwealth), Department of Trans-
portation (DOT) appeals from the October
5, 2001, order of the Court of Common
Pleas of Blair County (trial court) dismiss-
ing DOT's preliminary objections to a Peti-
tion for Appointment of a Board of View
(Petition) filed by Jackie N. Wyland and
Beverly A. Wyland (collectively, Wylands),
husband and wife. We reverse.

The Wylands were owners in fee simple
of property located in the Townships of
Freedom and Blair, Blair County, Pennsyl-
vania. On May 17, 1995, DOT filed a
declaration of taking to condemn a portion
of the Wylands' property that DOT
planned to use in constructing a highway.
(R.R. at 3a–8a.) On July 25, 1995, the
Wylands signed and executed an Applica-

tion for Payment of Estimated Just Compensation (First Application) for the payment of $10,300, "the amount estimated by the COMMONWEALTH to constitute just compensation for damages which will accrue to the above property (or the interest of the [Wylands] therein) as a result of the ... condemnation...." (R.R. at 14a.) The First Application set forth the applicable statute of limitations and the rights of the parties:

> In accordance with Section 407 of the Eminent Domain Code of 1964 [Code],[1] the aforesaid payment will be made and received without prejudice to the rights of either the COMMONWEALTH or the [Wylands] to proceed to a final determination of just compensation by filing *a petition for the appointment of viewers within five (5) years of the date of this payment.* The payment shall be considered only as payment pro tanto of just compensation as finally determined, it being understood that the COMMONWEALTH shall pay to the [Wylands] the difference between the aforesaid amount and any higher amount which may be finally determined....

(R.R. at 14a, emphasis added.) The Wylands received the $10,300 payment in September of 1995. (Trial ct. op. at 4.)

On June 20, 1996, the Wylands signed and executed an Application for Payment of Revised Estimated Just Compensation (Second Application) for the payment of $12,775. In the Second Application, the Wylands acknowledged the receipt of payment of $10,300 pursuant to the First Application, thereby reducing the amount they requested in the Second Application to the balance of $2,475. (R.R. at 17a.) The Second Application contained most of the same language as the First Application in regard to the rights of the parties and payment, but the Second Application referred to the statute of limitations contained in the First Application:

> In accordance with Section 407 of the [Code], the aforesaid payment will be made and received without prejudice to the rights of either the COMMONWEALTH or the [Wylands] to proceed to a final determination of just compensation by filing a petition for appointment of viewers *in accordance with the statute of limitations set forth in the [F]irst [A]pplication* for payment of Estimated Just Compensation or date of deposit into court.

(R.R. at 17a, emphasis added.) The Wylands received the $2,475 in mid 1996. (Trial ct. op. at 4.)

On May 21, 2001, the Wylands filed the Petition with the trial court. In the Petition, the Wylands stated that they had been unable to come to an agreement with DOT as to the amount of just compensation for the condemnation of the property, and they requested that the trial court appoint a Board of View to ascertain the amount due to the Wylands. (R.R. at 20a.) On May 31, 2001, the trial court granted the Petition and appointed the Board of View. (R.R. at 23a.)

On August 21, 2001, DOT filed preliminary objections to the Petition alleging that the Petition was time-barred because the Wylands filed it beyond the five-year statute of limitations,[2] which began to run

---

1. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. § 1–407.

2. The applicable statute of limitations appears in section 5526(4) of the Judicial Code, 42 Pa.C.S. § 5526(4), (emphasis added) and provides:

> The following actions must be commenced within *five years* ...
> (4) A proceeding in inverse condemnation, if property has been injured but no part thereof has been taken, or if the condemnor has made payment in accordance with section 407(a) or (b) (relating to possession

in September of 1995 following the $10,300 payment of estimated just compensation pursuant to the First Application. (R.R. at 24a–26a.) On September 7, 2001, the Wylands filed preliminary objections in response, contending that the petition was timely filed because the statute of limitations began to run in mid 1996 following the $2,475 payment pursuant to the Second Application. (R.R. at 27a–30a.)

■ In an October 5, 2001, order, the trial court dismissed DOT's preliminary objections and determined that the Wylands' preliminary objections were moot. As explained in a December 10, 2001, memorandum decision, the trial court viewed the $10,300 and $2,475 payments as installment payments; thus, the trial court determined that DOT's obligation to pay compensation was not fully satisfied until the $2,475 payment was made in mid 1996, at which time the statute of limitations began to run. (Trial ct. op. at 4.) DOT now appeals to this court.[3]

■ In this case, if the five-year statute of limitations for filing a petition for the appointment of a Board of View began to run in 1995, when the Commonwealth made the first payment of $10,300, the Wylands' May 21, 2001, Petition was not timely, and their action is barred.[4] However, if the five-year statutory period be-

gan after the second payment of $2,475, made in mid 1996, the Wylands' Petition was timely. DOT argues that the statute of limitations runs from the first payment, barring the Wylands' Petition. We agree.

The First Application states that the Petition must be filed *within five years* of *that* payment, i.e., the payment of $10,300 in September of 1995. The Wylands executed the First Application, and, thus, they must be held to the provisions of the document. Although revising the estimated just compensation, the Second Application does not renew the five-year statute of limitations. To the contrary, the Second Application refers back to the First Application, stating that the Petition must, be filed within the statute of limitations *set forth in the First Application.* The Wylands also executed this document and, thus, agreed to its terms.

In *In re Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of Right of Way for Legislative Route 56677–000 Etc.*, 76 Pa. Cmwlth. 580, 464 A.2d 673 (1983), this court held that the statute of limitations for filing a petition for appointment of a Board of View began to run from the payment of estimated just compensation.[5] There are no statutes or cases to support the trial court's holding that the statute of limitations begins to run after "install-

and payment of compensation) of the [Code].

3. Where, as here, the trial court has overruled preliminary objections to a petition for appointment of a Board of View, our scope of review is limited to determining whether the trial court committed, an error of law or abused its discretion. *Harrington v. Commonwealth*, 792 A.2d 669 (Pa.Cmwlth.2002).

4. If a petition for the appointment of a Board of View is not filed within the statute of limitations period, the payments made shall be considered to be in full satisfaction of the damages. *Hall v. Middletown Township Dela-*

*ware County Sewer Authority*, 75 Pa.Cmwlth. 181, 461 A.2d 899 (1983).

5. In *In re Legislative Route 56677–000 Etc.*, this court indicated that the condemnee had six years to file the petition pursuant to section 5527(4) of the Judicial Code, 42 Pa.C.S. § 5527(4); however, subsection 4 was deleted from section 5527 pursuant to Article II, section 201 of the Act of December 20, 1982, P.L. 1409. The applicable statute of limitations was then amended to five years and incorporated in section 5526 of the Judicial Code, 42 Pa.C.S. § 5526. *See* Historical and Statutory Notes, 42 Pa.C.S. § 5527.

ment" payments of estimated just compensation are complete, and we decline to initiate the concept. In fact, one could argue that the statute of limitations period start time could never be determinative where the possibility of another installment exists. Thus, we hold that the Wylands had until September of 2000, five years after the first payment of estimated just compensation in September of 1995, to file the Petition. Because the Wylands did not file the Petition until May 21, 2001, over six months after the statute of limitations expired, their action is barred.

Accordingly, we reverse.

### ORDER

AND NOW, this 4th day of June, 2002, the order of the Court of Common Pleas of Blair County, dated October 5, 2001, is hereby reversed.