IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Zurenda Realty, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1806 C.D. 2019 |
| | : | ARGUED: November 9, 2020 |
| City of Pittston | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge (P)
                  HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                 FILED: December 18, 2020

Appellant Zurenda Realty (Zurenda) appeals from the Court of Common Pleas of Luzerne County's (Common Pleas) October 21, 2019 order, through which Common Pleas sustained Appellee City of Pittston's preliminary objections to two petitions filed by Zurenda for appointment of a board of viewers regarding .84 acres of land owned by Zurenda along the Susquehanna River in Pittston, Pennsylvania (Property). After thorough review, we affirm.

## I. Facts and Procedural History

On June 9, 2005, the City of Pittston's City Council passed Resolution Number 10119, through which it declared its intent to take the Property via eminent domain and instructed Girard Mecadon, Esquire, the City of Pittston's solicitor, to move forward with the condemnation. Reproduced Record (R.R.) at 11a. On November 23, 2005, the City of Pittston formalized this intent by filing a declaration of taking (Declaration) regarding the Property with Common Pleas. *Id.* at 6a-10a. The Declaration was the served upon Zurenda on December 2, 2005. *Id.* at 13a.

On March 8, 2006, Mecadon sent a letter to Joseph Prociak, Esquire, Zurenda's then-attorney, informing Prockiak that

> [i]n connection with the [condemnation] proceeding [for the Property], [and] pursuant to [former] Eminent Domain Code 1-407(a),[1] I am delivering to you herewith, on behalf of the City of Pittston, [a] check in the sum of $14,000, made payable to Zurenda. . . . This sum represents the amount of just compensation estimated by the City of Pittston for the condemnation of the [P]roperty. . . .
>
> Pursuant to [former] Eminent Domain Code [§] 1-407(a)[,] the City [of Pittston] is now entitled to possession of the [P]roperty and intends, through persons authorized by it, to take possession of this [P]roperty within the next ten days.

Preliminary Objections, Ex. B. Included with this letter was the promised check, which included a statement on the memo line that read "Zurenda Realty/Pittston City condemnation[.]" *Id.*

On July 23, 2010, Gordon L. Bigelow, Esquire, contacted Samuel A. Falcone Jr., Esquire, whom Bigelow identified as the City of Pittston's solicitor at that point in time. R.R. at 14a-15a. Bigelow stated that he had taken over legal representation of Zurenda from Prociak and, in reviewing the condemnation matter's file, had noticed two things. *Id.* at 14a. First, Prociak had sent an appraisal valuing the Property at $275,000 to Mecadon on July 29, 2005. *Id.* Second, neither Mecadon nor the City of Pittston had responded to this appraisal. *Id.* Bigelow asked Falcone to inform him whether the City of Pittston still wished to go through with condemning the Property "and, if so, [to relate the City's] position regarding the . . . appraisal. If it is not [the City's] intent to continue with the condemnation, is the City of Pittston interested in relinquishing the . . . [P]roperty, re-vesting [Zurenda with] title as of the date of the Declaration[?]" *Id.* Falcone responded on August 3, 2010, by directing Bigelow to contact Joseph F. Castellino, Esquire, who, according to Falcone, would

---

[1] Former Section 407(a) of the former Eminent Domain Code, Act of June 22, 1964, Spec. Sess., P.L.84, *as amended*, *formerly* 26 P.S § 1-407(a), repealed by Act of May 4, 2006, P.L 112.

be handling the matter and could answer Bigelow's questions. *Id.* at 16a. The Record offers no indication that Bigelow ever got in touch with Castellino.

On August 23, 2010, Bigelow sent a letter to Mecadon, which Bigelow described therein as memorializing a conversation between the two men that had taken place on August 18, 2010. *Id.* at 17a. According to Bigelow, Mecadon

> [had] noted that the City of Pittston ha[d] contacted [him] regarding this matter and that [he] ha[d] been requested to review this matter on [its] behalf . . . . [Mecadon] further represented that it was [his] recollection that documentation and a check in resolution of this matter had been forwarded to . . . Prociak . . . and that [this] consideration . . . was accepted by Zurenda [for the Property].

*Id.* Bigelow said he had no material in his possession that corroborated Mecadon's recollection and asked Mecadon to send him "supporting documentation that this matter had previously been resolved." *Id.* There is nothing in the record indicating that Mecadon complied with Bigelow's request.

On October 14, 2010, Zurenda filed a Petition for Appointment of Board of Viewers (First Petition) in Common Pleas. *Id.* at 19a-21a. Common Pleas granted the First Petition that same day, appointing three individuals as a board of viewers to evaluate the Property and assess its value for purposes of compensating Zurenda for its condemnation. *Id.* at 22a.[2] It does not appear from the record that Zurenda served the City of Pittston with this First Petition or that the City of Pittston was contemporaneously made aware of Common Pleas' October 14, 2010 order. No further action was taken by either the City of Pittston or Zurenda for nearly eight years after this order was issued, nor did the board of viewers comply with Common Pleas' directive during this time period.

---

[2] The Honorable President Judge Thomas F. Burke, Jr., issued this order.

On July 30, 2018, Zurenda filed another Petition for Appointment of Board of Viewers (Second Petition) for the Property. R.R. at 23a-25a; Common Pleas Op. at 2. Zurenda, now represented by Andrew J. Katsock, III, Esquire, averred that Bigelow "unexpectedly became ill [at an unspecified point after Common Pleas issued its October 14, 2010 order] and left the practice of law, without notice to [Zurenda], which was not able to retrieve any of its former records from its former counsel." *Id.* at 24a. Since so much time had passed since the First Petition, Zurenda was uncertain whether the members of the original board of viewers could or would fulfill their duties. *Id.* As such, Zurenda appears to have deemed it prudent to request that a new board of viewers be constituted to determine appropriate compensation for the Property's condemnation. *Id.* at 24a-25a.

In October 2018, the City of Pittston responded by filing preliminary objections to both the First Petition and the Second Petition. With regard to the former, the City of Pittston claimed that Zurenda had never properly served it with the First Petition. *Id.* at 27a. As to the latter, the City of Pittston argued that the Second Petition had been filed well after the statute of limitations on making such a filing had lapsed. *Id.* at 28a. On these bases, the City of Pittston requested that Common Pleas dismiss both petitions. *Id.* at 27a-28a.

Common Pleas subsequently held an evidentiary hearing regarding the City of Pittston's preliminary objections on October 21, 2019.[3] Joseph Moskovitz, City Administrator, testified on behalf of the City of Pittston, after which the parties presented Common Pleas with documentation supporting their respective positions and briefly engaged in oral argument. Common Pleas sustained the City of Pittston's preliminary objections after the hearing's close and dismissed both of Zurenda's

---

[3] The preliminary objections were handled by the Honorable Judge Richard M. Hughes, III.

4

petitions that same day. R.R. at 36a.[4] Zurenda then appealed this decision to our Court on November 19, 2019, whereupon Common Pleas ordered Zurenda on January 15, 2020, to submit a concise statement of errors. Zurenda complied with Common Pleas' directive on February 4, 2020, after which Common Pleas issued an opinion in support of its decision on February 12, 2020.

## II. Standard of Review

> Our review of a [court of common pleas'] order [adjudicating] preliminary objections to a petition for the appointment of [a board of] viewers is to determine whether the . . . court abused its discretion or committed an error of law. *Maurizi v. [Dep't] of Transp*[.], 658 A.2d 485, 486 n.2 (Pa. Cmwlth. 1995). The . . . court, as fact finder, must resolve evidentiary conflicts, and its findings will not be disturbed if supported by substantial evidence. *In re Condemnation by [Dep't] of Transp*[.], 827 A.2d 544, 547 n.4 (Pa. Cmwlth. 2003), *appeal denied*, . . . 848 A.2d 930 ([Pa.] 2004).

*In Re Mountaintop Area Joint Sanitary Auth.*, 166 A.3d 553, 559 (Pa. Cmwlth. 2017).

## III. Issues

Zurenda puts forth a number of arguments for our consideration, which we reorder and summarize as follows.

First, Common Pleas erred by sustaining the City of Pittston's objection regarding service of the First Petition, because the City of Pittston's preliminary objections did not contain a verification statement, in violation of Pennsylvania Rule

---

[4] Common Pleas' October 21, 2019 order explicitly states that the Second Petition was dismissed, but does not contain a similar statement regarding disposition of the First Petition. R.R. at 36a. Nevertheless, given that the City of Pittston requested in its preliminary objections that the First Petition be dismissed, and Common Pleas sustained these preliminary objections in full, the operative effect of this order was to dismiss both the First and Second Petitions. *See id.*

of Civil Procedure 1024.[5] Zurenda's Br. at 12-16. Furthermore, Moskovitz's testimony, during which he stated he had not been served with the First Petition himself and had no knowledge as to whether it had otherwise been served upon the City of Pittston, did not constitute substantial evidence supporting Common Pleas' conclusion that Zurenda did not properly serve the First Petition. *Id.* at 13-14.

Second, Common Pleas erred by failing to hold an evidentiary hearing requested by Zurenda, at which Zurenda would have

> produce[d] evidence and present[ed] testimony [regarding] the lack of payment of just compensation, actual service upon the City of Pittston[,] and proof that

---

[5] This rule states:

> (a) Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder.

> Note: See Definition Rule 76 for definition of "verified."

> (b) If a pleading contains averments which are inconsistent in fact, the verification shall state that the signer has been unable after reasonable investigation to ascertain which of the inconsistent averments, specifying them, are true but that the signer has knowledge or information sufficient to form a belief that one of them is true.

> (c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party.

Pa. R.C.P. No. 1024.

> the City of Pittston failed to pay 'estimated just compensation' into court and otherwise to strictly follow the Pennsylvania Eminent Domain Code in effect at the time of taking.

*Id.* at 16-17.[6] According to Zurenda, Common Pleas only allowed testimony from Moskovitz and would not allow Donald J. Zurenda, Sr., one of Zurenda's principals, to testify; instead, Common Pleas ordered Mr. Zurenda's deposition to be taken, but then sustained the preliminary objections before that deposition could occur. *Id.*

Third, Common Pleas erred by concluding that the City of Pittston had not waived its ability to object to Zurenda's petitions. *Id.* at 24-25. The City of Pittston failed to file preliminary objections to the First Petition in a timely fashion and Common Pleas thereafter appointed a board of viewers. *Id.* This failure precluded the City of Pittston from subsequently filing preliminary objections. *Id.*

Finally, Common Pleas erred by sustaining the City of Pittston's statute of limitations-based objection to the Second Petition. *Id.* at 18-23. The statute of limitations on filing a petition for appointment of a board of viewers only begins to run once just compensation has been paid to a condemnee. *Id.* at 20. The record lacked substantial evidence supporting Common Pleas' conclusion that the $14,000 payment Zurenda received from the City of Pittston on March 9, 2006, was just compensation; therefore, Common Pleas incorrectly determined that the time window for Zurenda to seek the appointment of a board of viewers began on that date. *Id.* at 18-20. Zurenda also argues that Common Pleas' conclusion regarding the statute of limitations was erroneous because the City of Pittston did not petition Common Pleas for permission to pay estimated just compensation, did not deposit a security bond along with its Declaration, and did not request a writ of possession

---

[6] Zurenda claims that the $14,000 payment in 2006 was "'[c]ompensation without prejudice' for the City[ of Pittston's] use of the Property[,]" not just compensation for the Property's condemnation. Zurenda's Br. at 18-19.

7

from Common Pleas for the Property. *Id.* at 20-21.[7] We address each of these arguments in turn.

## IV. Discussion

Zurenda's claim regarding the absence of a verification statement from the City of Pittston's preliminary objections is without merit. As noted by Common Pleas, "[n]o record of service appears on the docket concerning either the [First] Petition or the [Common Pleas' subsequent o]rder [appointing the board of viewers]." Common Pleas Op. at 1. This absence constitutes a fact appearing of record, which renders unnecessary a verification statement to validate the City of Pittston's assertions regarding service of the First Petition. *See* Pa. R.C.P. No. 1024(a). Furthermore, Moskovitz's testimony only served to corroborate both the docket record and the City of Pittston's allegation that valid service did not take place. *See* Hr'g Tr., 10/21/19, at 4-7. As such, the aforementioned lack of a verification statement fails to establish a valid basis for questioning Common Pleas' determination that Zurenda did not properly serve the First Petition upon the City of Pittston.

Nor are Zurenda's allegations that Common Pleas refused to convene Zurenda's desired evidentiary hearing and prevented it from offering evidence supported by the record. The October 21, 2019 hearing *was an evidentiary hearing*, which Common Pleas "specifically indicated [was for] the purpose of 'resolv[ing] all issues of fact raised in the [City of Pittston's p]reliminary [o]bjections[.]'" Common Pleas Op. at 2. At that hearing, Zurenda was permitted to present documentary evidence and declined Common Pleas' invitation to offer witnesses. *See* Hr'g Tr., 10/21/19, at 8-16. Zurenda cannot refuse to fully avail itself of such an

---

[7] Zurenda also argues that Common Pleas failed to make findings of fact or issue an opinion in support of its ruling. This claim, to state the obvious, is defeated by the fact that Common Pleas did indeed issue an opinion on February 12, 2020, in which it explained its reasoning at length.

opportunity and thereafter attack Common Pleas' ruling on specious, counterfactual grounds. Furthermore, contrary to Zurenda's assertions, Common Pleas did not prevent Donald Zurenda, Sr., from testifying. Rather, Zurenda merely sought to have Mr. Zurenda, Sr., deposed at some point in the future, and indicated it would do so only if Common Pleas overruled the City of Pittston's preliminary objections. *Id.* at 16. We are genuinely unsure how Zurenda can claim otherwise, when the transcript of Common Pleas' evidentiary hearing clearly gives the lie to Zurenda's description of events.

Zurenda's argument that the City of Pittston waived its ability to file preliminary objections by failing to challenge the First Petition in a timely fashion is similarly baseless. Under the version of the Eminent Domain Code that was in effect at the time of the Property's condemnation, two service-related requirements were applicable. First, per former Section 502(f) of the Eminent Domain Code, "[a] copy of any petition for the appointment of [a board of] viewers filed by a condemnee shall be sent promptly by registered or certified mail, return receipt requested, to the adverse party." Former 26 P.S. § 1-502(f).[8] Second, per former Section 504 of the Eminent Domain Code, in relevant part,

> [u]pon the filing of a petition for the appointment of [a board of] viewers, the court, unless preliminary objections to the validity of the condemnation or jurisdiction, warranting delay, are pending, shall promptly appoint three viewers, who shall view the premises, hold hearings, and file a report. The prothonotary shall promptly notify the viewers of their appointment unless a local rule provides another method of notification.
>
> The viewers shall promptly give written notice by registered or certified mail, return receipt requested, of their appointment to all persons named as condemnors or

---

[8] Former Section 502(f) of the Eminent Domain Code, *formerly* 26 P.S. § 1-502(f), repealed by Act of May 4, 2006, P.L. 112, § 5(2).

> condemnees in the petition for the appointment of viewers
> and of the place and time of the view, which shall not be
> less than twenty days from the date of said notice.

Former 26 P.S. § 1-504.[9] In keeping with these statutory requirements,

> somewhere in the record there must be proof of service of
> notice of either the petition or the order appointing the
> board [of viewers] sent promptly by registered or certified
> mail, return receipt requested, to the condemnor.
>
> . . . .
>
> Until proof of the serving of notice, as mandated, [i]s
> established on the record, the petition for the appointment
> of [a board of viewers] and the order appointing the board
> of view[ers] ha[s] no legal effect. If we were to rule
> otherwise, then a condemnee . . . could move ahead in a
> condemnation proceeding in an *ex parte* fashion without
> the condemnor ever having knowledge of the existence of
> the proceeding.

*Kinstler v. Redevelopment Auth. of City of Phila.*, 320 A.2d 396, 398-99 (Pa. Cmwlth. 1974). The time window in which preliminary objections may be lodged therefore begins on the date established by record evidence establishing that a petition was served in a legally adequate manner or, failing that, showing an ensuing order appointing a board of viewers was so served. There is no such record evidence in this matter and, thus, the City of Pittston was not barred from filing preliminary objections in 2018 to both of Zurenda's petitions.

The remainder of Zurenda's arguments also do not stand up to scrutiny. With regard to the statute of limitations, Section 5526 of the Judicial Code, 42 Pa. C.S. § 5526, which was applicable to this matter in 2006, established that a condemnee had five years from the date it was paid estimated just compensation for a condemnor's taking, to file a petition to appoint a board of viewers. *Wyland v. Dep't of Transp.*, 799 A.2d 954, 956 & n.5 (Pa. Cmwlth. 2002). Here, Common Pleas determined that

---

[9] Former Section 504 of the Eminent Domain Code, *formerly* 26 P.S. § 1-504, repealed by Act of May 4, 2006, P.L. 112, § 5(2).

this date occurred in March 2006, upon the City of Pittston's delivery to Zurenda of a $14,000 check for the Property. Common Pleas Op. at 4-5. This conclusion is supported by two pieces of record evidence. First, the language used on the check itself described it as being for "Zurenda Realty/Pittston City condemnation[.]" Preliminary Objections, Ex. B. Second, the letter included with the check flatly stated that its monetary value "represent[ed] the amount of just compensation estimated by the City of Pittston for the condemnation of the [P]roperty." *Id.* Given this, we cannot find fault with Common Pleas' calculation of when the statute of limitations began to run in this matter or its linked conclusion that the Second Petition was untimely.[10]

Nor can Zurenda claim at this juncture that the City of Pittston failed to petition Common Pleas for permission to pay estimated just compensation, did not deposit a security bond along with its Declaration, and did not request a writ of possession from Common Pleas for the Property. Pursuant to former Section 406(a) of the Eminent Domain Code,

> [p]reliminary objections shall be limited to and shall be the exclusive method of challenging (1) the power or right of the condemnor to appropriate the condemned property unless the same has previously been adjudicated; (2) the sufficiency of the security; (3) any other procedure followed by the condemnor; or (4) the declaration of taking. *Failure to raise these matters by preliminary objections shall constitute a waiver thereof.*

26 P.S. § 1-406(a) (emphasis added).[11] Each of these three procedural arguments clearly falls within the ambit of former Section 406(a). Therefore, as Zurenda did

---

[10] Though Common Pleas erroneously concluded that a six-year statute of limitations applied in this matter, *see* Common Pleas Op. at 4-7, we agree with Common Pleas that the statute of limitations lapsed well before Zurenda filed the Second Petition, which renders this error harmless.

[11] Former Section 406(a) of the Eminent Domain Code, *formerly* 26 P.S. § 1-406(a), repealed by Act of May 4, 2006, P.L. 112, § 5(2).

not raise any of them via preliminary objections to the Declaration, it is thus barred via waiver from challenging the City of Pittston's preliminary objections or the underlying Declaration on such bases. *See In re Condemnation by Dep't of Transp.*, 535 A.2d 1210, 1213-14 (Pa. Cmwlth. 1988).

## V. Conclusion

In light of the foregoing analysis, we affirm Common Pleas' October 21, 2019 order, in full.

_____

ELLEN CEISLER, Judge

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zurenda Realty,  :
               Appellant  :
                              :
       v.  :  No. 1806 C.D. 2019
                              :
City of Pittston  :

# **O R D E R**

AND NOW, this 18th day of December, 2020, the Court of Common Pleas of Luzerne County's October 21, 2019 order is AFFIRMED.

                                         _____

                                         ELLEN CEISLER, Judge